**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NIA L. GHOLSTON, | DOCKET NUMBER |
| Appellant, | DC-315H-18-0608-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: March 22, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nia L. Gholston, District Heights, Maryland, pro se.

Deborah Charette and Alysa Lease-Williams, Washington, D.C., for the
agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which
dismissed her probationary termination appeal for lack of jurisdiction.  Generally,
we grant petitions such as this one only in the following circumstances:  the
initial decision contains erroneous findings of material fact; the initial decision is
based on an erroneous interpretation of statute or regulation or the erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant filed a motion for leave to file additional evidence. Petition for Review (PFR) File, Tab 4 at 2. The Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable prior to the close of the record despite the party's due diligence. 5 C.F.R. § 1201.115(d); *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, the appellant provides no explanation as to why she could not file this evidence with the administrative judge. Moreover, her motion states that some of the evidence she now seeks leave to file "was mentioned . . . in [her] termination letter from the agency," which suggests she was aware of its existence prior to the close of the record. PFR File, Tab 4 at 2; *see* 5 C.F.R. § 1201.115(d) ("To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed."). Thus, we deny the motion.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A probationary employee in the competitive service who has not completed 1 year of continuous service lacks

the right to appeal an adverse action to the Board pursuant to 5 U.S.C. chapter 75. 5 U.S.C. §§ 7511(a)(1)(A), 7513(d); *see Harris v. Department of the Navy*, 99 M.S.P.R. 355, ¶ 6 (2005). However, a probationary employee in the competitive service has a regulatory right to appeal her termination in three limited circumstances: (1) the employee was discriminated against on account of her marital status; (2) the employee was discriminated against based on partisan political reasons; or (3) the agency action was based (in whole or part) on issues that arose preappointment and the agency did not follow required procedures. *Blount v. Department of the Treasury*, 109 M.S.P.R. 174, ¶ 5 (2008); 5 C.F.R. §§ 315.805-315.806.

On review, the appellant alleges that she was improperly designated as a probationary employee. PFR File, Tab 1 at 3. To this end, she avers that she has prior Federal service, had no performance issues during her tenure with the agency, and completed her training early. *Id.* at 3-7. However, the undisputed record reflects that the agency appointed her to a position in the competitive service subject to a 1-year probationary period and terminated her less than 1 year later; thus, the appellant lacks 1 year of continuous service. *See* 5 U.S.C. §§ 7511(a)(1)(A), 7513(d); Initial Appeal File (IAF), Tab 5 at 11, 13. Her allegations of prior Federal service do not constitute nonfrivolous allegations of Board jurisdiction because the record indicates that such service occurred years prior to her appointment. IAF, Tab 5 at 24-27; *see* 5 C.F.R. § 752.402 ("Current continuous employment means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday."); *see also Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶¶ 13-14 (2005). The appellant's assertions that she completed her training early and had no performance issues are similarly immaterial to Board jurisdiction. *See* 5 C.F.R. §§ 315.801-315.802. Accordingly, the appellant has failed to render nonfrivolous allegations sufficient to warrant a hearing on jurisdiction. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); 5 C.F.R. § 1201.4(s)

("A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.").

On review, the appellant alleges that her coworker sexually harassed her and asserts for the first time that she is a "single Black female." PFR File, Tab 1 at 4-6, 8 (emphasis added). To the extent the appellant makes this statement to suggest that the agency discriminated against her on the basis of her marital status, we find that she fails to render nonfrivolous allegations sufficient to warrant a hearing on jurisdiction. *See Flores v. Farmers Home Administration*, 12 M.S.P.R. 286, 287 (1982). The appellant has not alleged any correlation between her statement that she is single and her allegations of sexual harassment, i.e., that her coworker's inappropriate behavior was related to, or motivated by, her marital status. *Cf. Ellis v. Department of the Treasury*, 81 M.S.P.R. 6, ¶ 11 (1999) (finding the appellant entitled to a jurisdictional hearing when he raised allegations containing intertwined elements of both sexual harassment and marital status discrimination).

On review, the appellant alleges for the first time that she is "invoking the privileges of the Whistleblower Act of 1989." PFR File, Tab 7 at 1. To this end, she states that the agency terminated her to cover up unspecified violations relating to both "ethics" and "scientific integrity." *Id.* Because the appellant did not raise these allegations prior to the issuance of the initial decision, the administrative judge did not inform her of the applicable burden of proof with respect to establishing Board jurisdiction for individual right of action appeals pursuant to 5 U.S.C. § 1221. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). The Board has jurisdiction over such appeals only if, among other things, the appellant has exhausted her administrative remedies before the Office of Special Counsel (OSC). *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 9 (2011). Here, there is nothing in the record to suggest that the appellant has exhausted her OSC administrative remedies. *See Simnitt v. Department of Veterans Affairs*,

113 M.S.P.R. 313, ¶ 8 (2010) (explaining the specific requirements of exhaustion). Accordingly, we discern no basis for Board jurisdiction at this time. Should the appellant exhaust her administrative remedies with OSC, she may file a separate appeal in this regard. *See* 5 U.S.C. §§ 1221, 1214; 5 C.F.R. part 1209.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 			_____
				Gina K. Grippando
				Clerk of the Board

Washington, D.C.